UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ARMANDO ALCIONE,
on behalf of himself and
all others similarly situated,

        Plaintiff,                              Case No. 22-cv-1514

    v.

SCHUETTE, INC.

        Defendant

## JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiff, Armando Alcione, on behalf of himself and all others similarly situated, and Defendant, Schuette, Inc., jointly move this Court for preliminary approval of the settlement in this matter in accordance with the parties' settlement agreement, titled "Settlement Agreement & Release," attached hereto as **Exhibit A** (hereinafter "Settlement Agreement").

For settlement purposes only, the parties seek certification of a collective under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and certification of a class under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL") and Fed. R. Civ. P. 23 ("Rule 23").

For settlement purposes, the FLSA collective is defined as: "The individuals who worked as hourly-paid, non-exempt employees at Defendant between July 20, 2019, and July 20, 2022, as identified in Exhibit B to the Settlement Agreement, and who file a Consent to Join Form within thirty (30) days following service of the Notice Packet." (Exhibit A, p. 2, ¶ G.) "Collective

Members" are the "those individuals who are Putative Collective Members who file a Consent to Join Form within thirty (30) days following service of the Notice Packet." (*Id.* at ¶ 1.2.)

Similarly, for settlement purposes, the Rule 23 WWPCL class is defined as: "The individuals who worked as hourly-paid, non-exempt employees between July 20, 2020, and July 20, 2022, as identified in Exhibit B to the Settlement Agreement, and who do not affirmatively opt-out of the Settlement within thirty (30) days following service of the Notice Packet." (Exhibit A, p. 2, ¶ H.) "Class Members" are "those individuals who are Putative Class Members who do not affirmatively opt-out of the Settlement within thirty (30) days following service of the Notice Packet." (*Id.* at ¶ 1.1 (footnote omitted).)

The parties believe that the Settlement Agreement is fair, reasonable, and adequate because it fully satisfies this Court's criteria for collective and class action settlements.

As such, the parties respectfully request that this Court:

1. Approve the parties' Settlement Agreement, (ECF No. 22-1), as a fair, reasonable, and adequate resolution of a bona fide dispute under the FLSA and the WWPCL;

2. Certify the WWPCL Class as a class action under Fed.R.Civ.P. 23 for the purpose of settlement only;

3. Certify the FLSA Collective as a collective action under 29 U.S.C. § 216(b) for the purpose of settlement only;

4. Appoint Named Plaintiff, Armando Alcione, as the Class Representative and Collective Representative;

5. Appoint Walcheske & Luzi, LLC as Class Counsel pursuant to Fed.R.Civ.P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);

6. Approve the Notice Packet in the form of Exhibit A to the parties' Settlement Agreement for distribution to all Putative Collective Members and all Putative Class Members;

7. Order that the Notice Packet to be sent to all Putative Collective Members and all Putative Class Members constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to Putative Collective Members and

Putative Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

8. Order that any Collective Member who has properly and timely opted-in to the FLSA Collective and filed a Consent to Join form with this Court (and who does not rescind same) shall be bound by the Settlement Agreement when the Court issues a Final Order;

9. Order that each Putative Class Member who wishes to be excluded from the WWPCL Class must opt-out per the instructions set forth in the Notice Packet and that their response must be postmarked within thirty (30) days of mailing of the Notice Packet;

10. Order that any Putative Class Member who has not properly and timely requested exclusion from the WWPCL Class shall be bound by the Settlement Agreement when the Court issues a Final Order;

11. Order that any Putative Class Member who wishes to object in any way to the Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice Packet, which must be postmarked no later than thirty (30) days after the mailing of the Notice Packet, together with copies of all papers in support of his or her position. The Notice Packet shall state that the Court will not consider objections of any Putative Collective Member or Putative Class Member who has not properly served copies of his or her objections on a timely basis;

12. Schedule a Fairness Hearing in approximately 75 days from the date of the Court's Order; and

13. Order that any Motions, including but not limited to a Motion for Approval of Attorneys' Fees and Costs, a Motion for Approval of Named Plaintiff's Service Award, and a Joint Motion for Final Settlement Approval, must be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

Dated this 18th day of April, 2023

| WALCHESKE & LUZI, LLC | RUDER WARE |
| Counsel for Plaintiff | Counsel for Defendant |

**s/ *Scott S. Luzi***  
Scott S. Luzi, SBN 1067405  
WALCHESKE & LUZI, LLC  
235 North Executive Drive, Suite 240  
Brookfield, Wisconsin 53005  
Telephone: (262) 780-1953  
Email: sluzi@walcheskeluzi.com  

*Attorneys for Plaintiff*

**s/ *Chad R. Levanetz***  
Chad R. Levanetz, SBN 1044962  
RUDER WARE  
130 North Adams Street  
Green Bay, Wisconsin 54301  
Telephone: (608) 435-9393  
E-Mail: clevanetz@ruderware.com  

*Attorneys for Defendant*