UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ARMANDO ALCIONE,
on behalf of himself and
all others similarly situated,

      Plaintiff,

v.

SCHUETTE, INC.

      Defendant

Case No. 22-cv-1514

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Armando Alcione, on behalf of himself and all others similarly situated, and Defendant, Schuette, Inc., move this Court for final settlement approval in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," (hereinafter simply, the "Settlement Agreement"), (ECF No. 22-1), which was preliminarily approved by this Court on April 20, 2023. (ECF No. 25.)

### SETTLEMENT BACKGROUND

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.01 et seq. (*See, generally,* ECF No. 1.)

Between approximately November 2022 and April 2023, counsel for the parties: thoroughly investigated the claims in Plaintiff's Complaint; debated and analyzed our clients'

respective legal arguments and factual positions; debated and determined the most appropriate and convenient venue to litigate the case; communicated directly regarding legal authority relevant to Plaintiff's causes of action and Defendant's defenses; and engaged in written discovery, including but not limited to Defendant's production of extensive class-related documentation, data, and information during the statutory period. (Luzi Decl., ¶ 9.)

During this time, and after Plaintiff's counsel engaged in a detailed and rigorous analysis of the class-related documentation, data, and information produced by Defendant during the statutory period, including but not limited to retaining an expert to analyze the same, counsel for the parties communicated directly and engaged in substantive arms-length settlement negotiations, including but not limited to creating and exchanging damages models and monetary settlement calculations. Ultimately, the parties concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including additional written discovery, numerous depositions, and the filing of conditional certification, certification, decertification, and dispositive motions. (Luzi Decl., ¶ 9.)

Once the parties reached an agreement on the monetary terms and conditions of settlement, counsel for the parties discussed other non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. The Settlement Agreement was preliminarily approved by this Court on April 20, 2023. (ECF No. 25.) Ultimately, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶ 9.)

## THE NOTICE PROCESS TO SETTLEMENT CLASS MEMBERS

On May 9, 2023, Plaintiff's counsel distributed the parties' Notice Packet to two hundred and eighty-one (281) Putative Class Members and Putative Collective Members via U.S. first-class mail. Among other things, the Notice Packet: (1) advised Putative Collective Members that they could participate in the settlement collective, or "opt-in," by timely and properly signing and returning the Consent to Join Form to Plaintiff's counsel by the Notice deadline of June 8, 2023; and (2) informed Putative Class Members that they could exclude themselves from the Rule 23 class, or "opt-out," and/or object to the settlement by the Notice deadline of June 8, 2023. (Luzi Decl., ¶ 10.)

To date, the parties have received fifty-seven (57) Consent to Join Forms, or "opt-ins," that were filed with the Court, (ECF Nos. 1-3, 27-1, 29-1, 30-1, 31-1, 33-1, 34-1, 35-1), and two (2) requests for exclusion, or "opt-outs," that were filed with the Court, (ECF Nos. 28-1 and 32-1). To date, the parties have not received any objections to the settlement. (Luzi Decl., ¶ 10.)

Thus, the fifty-seven (57) Collective Members will receive their respective payments as listed in the "FLSA Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 22-1), totaling $14,650.00, which are representative of reasonably approximated and alleged liquidated damages between July 20, 2019, and July 20, 2022. (*Id.* at ¶ 3.1(C)2.) Further, each of the two hundred and seventy-nine (279) Class Members will receive their respective payments as listed in the "WWPCL Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 22-1), totaling $78,275.00, which are representative of reasonably approximated overtime wages allegedly owed between July 20, 2020, and July 20, 2022. (*Id.* at ¶ 3.1(C)1.) In all, Defendant will pay a total amount of $92,925.00 to the Settlement Class members as representative of reasonably

approximated overtime wages and liquidated damages allegedly owed between July 20, 2019, and July 20, 2022. (Luzi Decl., ¶ 11.)

Given the considerations above, counsel for the parties believe the terms and conditions embodied in the parties' Settlement Agreement, (ECF No. 22-1), to be fair, reasonable, and adequate. (Luzi Decl., ¶ 11.)

## **REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

According to the terms of the Settlement Agreement, within thirty (30) calendar days of the Settlement Effective Date, Defendant will deliver payment to Plaintiff's counsel for distribution to the Settlement Class members. In the event that, before the close of the Settlement Check Void Date as noted in the Settlement Agreement, Plaintiff's counsel becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, Plaintiff's counsel will inform Defendant's counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Settlement Class member be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall remain and/or revert back to Defendant. (ECF No. 22-1, ¶ 2.3)

## **ARGUMENT**

I.  **FINAL SETTLEMENT APPROVAL STANDARD**

A court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and

adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages.

As noted above, between approximately November 2022 and April 2023, counsel for the parties produced and analyzed extensive class-related documentation, data, and information during the statutory period and engaged in substantive arms-length settlement negotiations with each other – ultimately leading to the Settlement Agreement preliminarily approved by the Court. (ECF

No. 25.) In all, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶¶ 9-11.)

## CONCLUSION

For all of the reasons herein, the parties respectfully request that this Court enter a Final Order:

1. Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appointing Armando Alcione as Class Representative for the WWPCL Class and FLSA Collective;

4. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declaring the Settlement Agreement to be binding on the Parties;

6. Dismissing with prejudice the Settlement Class Members' released claims;

7. Dismissing without prejudice the FLSA Claims of the Putative Collective Members who did not timely and properly file a Consent to Join Form with this Court in full accordance with the procedures set forth in the parties' Settlement Agreement;

8. Dismissing without prejudice the WWPCL Claims of the Putative Class Members who timely and properly excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement;

9. Granting Plaintiff's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 37), in the amount of $101,950.00;

10. Granting Plaintiff's unopposed Motion for Approval of Service Award, (ECF No. 40), in the amount of $15,000.00; and

11. Dismissing the Complaint on the merits and with prejudice.

Dated this 29th day of June, 2023

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | RUDER WARE<br>Counsel for Defendant |
| **s/ *Scott S. Luzi*** <br>Scott S. Luzi, SBN 1067405<br>WALCHESKE & LUZI, LLC<br>235 North Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br>Telephone: (262) 780-1953<br>Email: sluzi@walcheskeluzi.com | **s/ *Chad R. Levanetz*** <br>Chad R. Levanetz, SBN 1044962<br>RUDER WARE<br>130 North Adams Street<br>Green Bay, Wisconsin 54301<br>Telephone: (608) 435-9393<br>E-Mail: clevanetz@ruderware.com |